# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MYCHEL PUSHA**  
ADC #105492                                                                                         **PLAINTIFF**

v.                          Case No. 4:21-CV-00387-LPR

**LESLIE RUTLEDGE**                                                                        **DEFENDANT**

## ORDER

Plaintiff Mychel Pusha is incarcerated at the Ouachita River Unit of the Arkansas Division of Correction. He filed a *pro se* Complaint on May 10, 2021 along with a Motion for Leave to Proceed *In Forma Pauperis* ("IFP").[1] Mr. Pusha's IFP Motion is DENIED based on his litigation history and his Complaint is DISMISSED without prejudice for failure to pay the filing fee.

Mr. Pusha sues Arkansas Attorney General Leslie Rutledge.[2] Mr. Pusha challenges the legality of Arkansas Senate Bill No. 544.[3] According to Mr. Pusha's Complaint, Senate Bill 544 "authorizes the confiscation" of federal relief or stimulus funds received by individuals in the custody of correctional facilities in Arkansas.[4] Mr. Pusha alleges that Senate Bill 544 is "unconstitutional under the Fourteenth Amendment to the United States Constitution and the protection of equal rights."[5] Mr. Pusha seeks declaratory and injunctive relief on behalf of himself and a class of inmates "in the custody of a correctional facility in the State of Arkansas."[6]

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained

---

[1] Pl.'s IFP Appl. (Doc. 1); Pl.'s Compl. (Doc. 2).

[2] Pl.'s Compl. (Doc. 2) at 1.

[3] *Id*.

[4] *Id.*

[5] *Id*. at 8.

[6] *Id*.

in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[7] Prior to filing this lawsuit on May 10, 2021, Mr. Pusha filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[8]

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule.[9] For Mr. Pusha to be able to proceed *in forma pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint.[10] Mr. Pusha's pleadings do not indicate he was in imminent danger at the Ouachita River Unit at the time he filed his Complaint. Accordingly, the imminent danger exception does not apply. Therefore, this case will be dismissed due to Mr. Pusha's failure to pay the filing fee. Mr. Pusha will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

IT IS THEREFORE ORDERED that:

1. Mr. Pusha's motion to proceed *in forma pauperis* (Doc. 1) is DENIED.

2. Mr. Pusha's Complaint (Doc. 2) is DISMISSED without prejudice.

3. Mr. Pusha's embedded Motion for Declaratory and Injunctive Relief, to Certify a Class, and for Appointment of Counsel (Doc. 3) is DENIED as moot.

---

[7] 28 U.S.C. § 1915(g).

[8] *See Pusha v. Arkansas Dep't. of Correction*, 2:95-cv-00075-BRW (E.D. Ark.); *Pusha v. Piazza, et al.*, 4:19-CV-00259-BRW (E.D. Ark.); *Pusha v. Payne, et al.*, 1:16-CV-00134-KGB (E.D. Ark.).

[9] *See* 28 U.S.C. § 1915(g) (providing that three strikers may be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

[10] *See Ashley*, 147 F.3d at 717.

4. Mr. Pusha has thirty (30) days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 28th day of June 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE